# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: ORACLE OIL, LLC | CIVIL ACTION<br><br>NO. 18-3674<br><br>SECTION: "E" (5) |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Defendant EPI Consultants ("EPI").[1] Plaintiff Oracle Oil, LLC ("Oracle") opposes the motion.[2] EPI filed a reply.[3] For the following reasons, the motion is **DENIED.**

## BACKGROUND

The following facts are not in dispute. Oracle is a company owned solely by Robert "Bob" Brooks,[4] and it was the operator of the Lucille Broussard, et al. No. 1 well ("the well") located in Vermillion Parish, Louisiana.[5] Oracle hired EPI to provide consulting services in connection with the well.[6] There was no written contract between Oracle and EPI.[7]

Oracle alleges that, in connection with its work, EPI used rusty, scaly pipe and failed to properly inspect or clean the pipe before running it in the well.[8] Oracle further alleges that EPI set retainers, bridge plugs, and/or pokers near joints in the casing, causing a split in the casing.[9] On May 18, 2009, Oracle Oil, LLC filed a petition in state

---

[1] R. Doc. 26.
[2] R. Doc. 42.
[3] R. Doc. 59.
[4] R. Doc. 26-2 at ¶ 1; R. Doc. 42-1 at ¶ 1.
[5] R. Doc. 26-2 at ¶ 2; R. Doc. 42-1 at ¶ 2.
[6] R. Doc. 26-2 at ¶ 3; R. Doc. 42-1 at ¶ 3.
[7] R. Doc. 26-2 at ¶ 4; R. Doc. 42-1 at ¶ 4.
[8] R. Doc. 1-7 at ¶ 5.
[9] *Id.* at ¶¶ 22-24.

court against EPI, alleging EPI's actions and omissions constitute the following: (1) defective performance in the discharge of its contractual duties; (2) negligence in the discharge of its contractual duties and breach of contract; and (3) breach of EPI's contractual duty to provide services in a good and workmanlike manner.[10] On February 22, 2019, EPI filed the instant Motion for Summary Judgment.[11] EPI argues there is no evidence to support the claims that it breached the duty to perform in a good and workman-like manner because there is no evidence it made the decision to set a cement retainer at 13,910 feet, no evidence it made the decision to use rusty, scaly pipe, and no evidence to calculate damages with any degree of certainty.

## **LEGAL STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12] "An issue is material if its resolution could affect the outcome of the action."[13] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[14] All reasonable inferences are drawn in favor of the nonmoving party.[15] There is no genuine issue of material fact if, even viewing the evidence in the light most

---

[10] *Id.* at ¶ 32.
[11] R. Doc. 26.
[12] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[13] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[14] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[15] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[16]

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[17] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[18]

If the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[19] When proceeding under the first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled

---

[16] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[17] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).
[18] *Celotex*, 477 U.S. at 322–24.
[19] *Id.* at 331–32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986), and requiring the movants to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).

to summary judgment as a matter of law.[20] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[21] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[22] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[23] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[24]

"[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim.

---

[20] *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).
[21] *Celotex*, 477 U.S. at 332–33.
[22] *Id.*
[23] *Celotex*, 477 U.S. at 332–33, 333 n.3.
[24] *Id.*; *see also First National Bank of Arizona*, 391 U.S at 289.

'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[25]

## **LAW AND ANALYSIS**

Oracle alleges EPI was defective in the performance of its contractual duties, negligently discharged its contractual duties, and breached its contractual duties.[26] Under Louisiana law, the same acts or omissions may constitute a breach of both general duties and contractual duties and may give rise to both actions in tort and actions in contract.[27] Further, "[i]t is entirely possible that the same duty might have more than one source, as in the case of the negligent breach of a contractual obligation, in which case a cause of action arises from both the breach and the negligence."[28] Under Louisiana law, the nature of the duty breached determines whether the action is in tort or in contract.[29] EPI argues there is no evidence it breached any duty it owed and moves for summary judgment on Plaintiff's claims.[30]

The parties agree there was no *written* contract between Oracle and EPI.[31] The parties dispute whether an *oral* contract existed between Oracle and EPI and, if an oral contract existed, the scope of EPI's duties under the contract. In the Petition, Oracle alleges there *was* a contract between it and EPI.[32] In its Answer, EPI denies for lack of

---

[25] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).
[26] R. Doc. 1-7 at ¶ 32.
[27] *Ridge Oak Development, Inc. v. Murphy*, 641 So.2d 586 (La. App. 4 Cir. 1994).
[28] *Robertson v. Sun Life Fin.*, 2012-2003 (La. App. 1 Cir. 9/13/13), 187 So. 3d 473, 479 (citing *Gray & Co. v. Ranger Ins. Co.*, 292 So.2d 829, 830 (La. App. 1 Cir. 1974); see also *United Gas Pipe Line Co. v. Cargill, Inc.*, 612 So.2d 783, 785–786 (La. App. 1 Cir. 1992)).
[29] *See Sciacca v. Polizzi*, 403 So.2d 728, 730 (La. 1981) (quoting *Kozan v. Comstock*, 270 F.2d 839, 844 (5th Cir.1959)).
[30] R. Doc. 26.
[31] R. Doc. 26-2 at ¶ 4; R. Doc. 42-1 at ¶ 4.
[32] R. Doc. 1-7 at ¶ 3.

sufficient information to justify a belief that it contracted with Oracle.[33] EPI failed to include as a statement of uncontested material fact that there was no *oral* contract between the parties.[34] Without agreement on whether there was an oral contract and, if so, the duties EPI assumed under the oral contract, it is impossible for the Court to determine whether EPI is entitled to judgment as a matter of law. To the extent Plaintiff brings claims based on breach of contract, summary judgment is denied.

Further, the parties dispute EPI's role in the decision-making process with respect to operations on the well and the duty EPI owed to Oracle. The parties agree that Oracle hired EPI to provide consulting services in connection with the well.[35] Joey Elsbury, EPI's employee, testified he did not make any decisions on the well.[36] Bob Nicholson testified that Robert Brooks, the owner of Oracle, was the decisionmaker on the well.[37] However, Mr. Elsbury also testified he was on the well to oversee, provide advice, and give his "two cents."[38] Mr. Nicholson also testified that Mr. Elsbury may have influenced Mr. Brooks on some of his decisions.[39] The factual dispute regarding EPI's involvement in the decisions regarding the procedure for the squeeze job and the use of rusty, scaly pipe preclude summary judgment with respect to whether EPI breached a general duty of reasonable care or workmanlike performance it owed to Oracle. To the extent Plaintiff brings claims in negligence, summary judgment is denied.

Accordingly;

---

[33] R. Doc. 1-8 at ¶ 3.
[34] R. Doc. 26-2.
[35] R. Doc. 26-2 at ¶ 3; R. Doc. 42-1 at ¶ 3.
[36] R. Doc. 26-11 at 2.
[37] R. Doc. 26-5 at 15.
[38] R. Doc. 42-2 at 2.
[39] R. Doc. 42-5 at 6-7.

**IT IS ORDERED** that the Motion for Summary Judgment[40] filed by Defendant EPI Consultants is **DENIED**.

**New Orleans, Louisiana, on this 15th day of April, 2019.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[40] R. Doc. 26.