# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ORACLE OIL, LLC,**<br>     **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-3674** |
| **EPI CONSULTANTS,**<br>     **Defendant** | **SECTION: "E"** |

## ORDER AND REASONS

Before the Court is a Motion *in Limine*[1] filed by Defendant EPI Consultants ("EPI").[2] Plaintiff Oracle Oil, LLC ("Oracle") opposes the motion.[3] EPI filed a reply.[4]

## BACKGROUND

Oracle is a company owned solely by Robert "Bob" Brooks[5] and is the operator of the Lucille Broussard, et al. No. 1 well ("the well") located in Vermillion Parish.[6] Oracle alleges it contracted with EPI to provide consulting engineering services, on-site supervision, and other services in connection with the well in order to rework the well.[7] Oracle alleges that, in connection with the contracted work, EPI used rusty, scaly pipe and failed to properly inspect or clean the pipe before running it in the well.[8] Oracle further alleges that EPI set retainers, bridge plugs, and/or pokers near joints in the casing, causing a split in the casing.[9] Oracle seeks damages as a result of EPI's actions.

---

[1] R. Doc. 20.
[2] R. Doc. 45.
[3] R. Doc. 39.
[4] R. Doc. 55
[5] R. Doc. 26-2 at ¶ 1; R. Doc. 42-1 at ¶ 1.
[6] R. Doc. 1-7 at ¶ 2.
[7] *Id.* at ¶ 3.
[8] *Id.* at ¶ 5.
[9] *Id.* at ¶¶ 22-24.

On January 18, 2019, EPI filed the instant Motion *in Limine*.[10] EPI seeks to (1) strike the testimony of Robert McGowen; (2) strike the report of Tejas Testing & Inspection, Inc.; and (3) limit the testimony of Robert Brooks.

## I. Damages Calculation by Robert McGowan

To support its damages calculation, Oracle hired Robert McGowen, a petroleum engineer, to determine the net revenue of Oracle's interest in the well, had that well commenced production. Robert McGowen provided an expert report and testified at his deposition regarding his estimation of Oracle's net revenue in the well after production taxes.[11] EPI argues this figure is not a reliable measure of damages because it does not account for the cost to redrill the well to extract the remaining hydrocarbons. EPI does not challenge the qualifications of Mr. McGowen to render an expert opinion regarding the net revenue of Oracle's interest in the well.

As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight of the evidence rather than its admissibility and should be left for the finder of fact.[12] "Unless wholly unreliable, the data on which the expert relies goes to the weight and not the admissibility of the expert opinion."[13] Thus, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[14] The Court is not concerned with whether the opinion is correct but whether

---

[10] R. Doc. 20.

[11] R. Doc. 20-6 at 4; R. Doc. 20-5 at 3.

[12] *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).

[13] *Rosiere v. Wood Towing, LLC*, No. 07-1265, 2009 WL 982659, at *1 (E.D. La. Apr. 8, 2009) (citing *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996)) (emphasis added); *Wolfe v. McNeil-PPC, Inc.*, No. 07-348, 2011 WL 1673805, at *6 (E.D. Pa. May 4, 2011).

[14] *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 250 (5th Cir. 2002) (quoting *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579, 596 (1983)) (internal quotation marks omitted).

the preponderance of the evidence establishes that the opinion is reliable.[15] "It is the role of the adversarial system, not the court, to highlight weak evidence."[16]

EPI challenges the bases for Mr. McGowan's opinion, arguing his opinion is unreliable because he does not consider the cost to redrill the well in forming his opinion. The fact that Mr. McGowan does not account for the cost to redrill the well when estimating the net revenue of Oracle's interest in the well does not render his opinion wholly unreliable and inadmissible. Instead, it is appropriate fodder for cross examination. The motion *in limine* is denied on this basis.

## II.     Tejas Testing & Inspection, Inc.

Oracle produced a report from Tejas Testing & Inspection, Inc. At the pretrial conference, counsel for EPI admitted that, if Lindsay Longman relied on the report in formulating his expert opinion, the report would be admissible. EPI will withdraw its motion if it is able to confirm that the casing referred to in the report is a part of the casing used in the well. Counsel for EPI will inform the Court by no later than **Friday, May 10, 2019** whether it withdraws its motion *in limine* with respect to the Tejas Testing report. The Court defers ruling on the motion at this time.

## III.     Robert Brooks

Oracle moves to exclude Robert Brooks, the principal of Oracle Oil, from offering expert opinion testimony. At the pretrial conference of this matter, the parties agreed they will not elicit expert opinion testimony from witnesses, such as Mr. Brooks, who did not provide a report. At trial, Mr. Brooks will not be permitted to provide opinion testimony

---

[15] *See Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012).
[16] *Primrose*, 382 F.3d at 562.

regarding whether there was a split in the casing or the cause of the split in the casing. The motion *in limine* is granted with respect to the testimony of Mr. Brooks.

**CONCLUSION**

**IT IS ORDERED** that the Motion in Limine[17] is **GRANTED IN PART**, **DENIED IN PART**, and **DEFERRED IN PART**. The Motion is denied insofar as it seeks to exclude the expert testimony of Robert McGowan. The motion is granted insofar as it seeks to limit the testimony of Robert Brooks. The Court defers ruling on the motion with respect to the report of Tejas Testing& Inspection, Inc.

**New Orleans, Louisiana on this 1st day of May, 2019.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[17] R. Doc. 20.