# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ORACLE OIL, LLC,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-3674** |
| **EPI CONSULTANTS,**<br>    Defendant | **SECTION: "E"** |

## ORDER AND REASONS

Before the Court is a Motion *in Limine*[1] filed by Oracle Oil, LLC ("Oracle"), seeking to exclude evidence regarding other lawsuits and/or settlements in which Oracle has been a party. Defendant EPI Consultants opposes the motion.[2] For the following reasons, the motion is **DENIED** as set forth herein.

## BACKGROUND

Oracle is a company owned solely by Robert "Bob" Brooks[3] and is the operator of the Lucille Broussard, et al. No. 1 well ("the well") located in Vermillion Parish.[4] Oracle alleges it contracted with EPI to provide consulting engineering services, on-site supervision, and other services in connection with the well in order to rework the well.[5] Oracle alleges that, in connection with the contracted work, EPI used rusty, scaly pipe and failed to properly inspect or clean the pipe before running it in the well.[6] Oracle further alleges that EPI set retainers, bridge plugs, and/or pokers near joints in the casing, causing a split in the casing.[7] Oracle seeks damages as a result of EPI's actions.

---

[1] R. Doc. 30.
[2] R. Doc. 33.
[3] R. Doc. 26-2 at ¶ 1; R. Doc. 42-1 at ¶ 1.
[4] R. Doc. 1-7 at ¶ 2.
[5] *Id.* at ¶ 3.
[6] *Id.* at ¶ 5.
[7] *Id.* at ¶¶ 22-24.

1

Oracle was involved in several lawsuits with other entities involved in the reworking of the well. Oracle moves to exclude evidence of these other lawsuits relating to actions of other entities before April 8, 2008 and after May 23, 2008 as irrelevant and more prejudicial than probative. EPI argues evidence of these other lawsuits is relevant to Oracle's damages and the allocation of fault and the relevance is not outweighed by any prejudicial nature because, in the other lawsuits, Oracle alleged the problems it experienced from the well were the result of conduct of parties other than EPI. At the pretrial conference of this matter, Counsel for EPI indicated he also desires to use evidence of the other lawsuits as impeachment evidence, if appropriate.

## **LEGAL STANDARD**

Federal Rule of Evidence 401 provides, [e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Federal Rule of Evidence 403 provides, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

## **LAW AND ANALYSIS**

Generally, if a defendant's sole purpose for introducing evidence of a plaintiff's litigation history is to paint the plaintiff as litigious, that litigation history is not admissible under Rule 403, unless the claims made in the prior lawsuits were fraudulent, because the probative value of the plaintiff's litigation history is outweighed by its prejudicial effect.[8] If a plaintiff's litigation history is offered for a reason other than to

---

[8] *Cochran v. UPS*, No. 12-1249, 2013 U.S. Dist. LEXIS 46763, at *4 (E.D. La. Mar. 29, 2013).

prove the plaintiff's litigious character, however, the Court, as with any other piece of evidence, assesses the relevance of that history and considers the prejudicial effect the introduction of that history would have as compared to its probative value.[9]

Plaintiff acknowledges that it may be appropriate for the names of other entities involved in the reworking of the well to appear on the jury verdict form for allocation of fault, depending on the testimony introduced at trial. The Court has ordered the parties to be prepared to discuss entering a stipulation to prevent a double recovery by the Plaintiff at the status conference with the Court on Monday, June 3, 2019 at 8:30 a.m.[10] The fault of others involved in the reworking of the well is probative, and its relevance is not outweighed by the risk of prejudice. Evidence of prior lawsuits and/or settlements in which Oracle has been a party is relevant to Plaintiff's claimed damages and the allocation of fault, as well as Defendant's defense of prescription. Defendant has agreed it will not attempt to introduce the amounts of any settlements with third parties.

## CONCLUSION

**IT IS ORDERED** that the Motion in Limine[11] filed by Plaintiff Oracle Oil, LLC is **DENIED**.

**New Orleans, Louisiana on this 1st day of May, 2019.**

                                         **SUSIE MORGAN**
                            **UNITED STATES DISTRICT JUDGE**

---

[9] *Cochran*, 2013 U.S. Dist. LEXIS 46763, at *4 (citing *Francois v. Colonial Freight Sys., Inc.*, No. 06-434, 2007 WL 4564866, at *10 (S.D. Miss. Dec. 21, 2007) (denying motion *in limine* to exclude plaintiff's litigation history because evidence of plaintiff's prior lawsuits was relevant to plaintiff's credibility and claimed damages)).
[10] R. Doc. 72.
[11] R. Doc. 29.