UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ORACLE OIL, LLC,**  Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-3674** |
| **EPI CONSULTANTS,**  Defendant | **SECTION: "E"** |

### ORDER AND REASONS

Before the Court is a Motion *in Limine*[1] filed by Oracle Oil, LLC ("Oracle"), seeking to exclude or limit the testimony of Lindsay Longman as to the "orphan well issue." Defendant EPI Consultants opposes the motion.[2] For the following reasons, the motion is **GRANTED IN PART AND DENIED IN PART**.

### BACKGROUND

Oracle is a company owned solely by Robert "Bob" Brooks[3] and is the operator of the Lucille Broussard, et al. No. 1 well ("the Well") located in Vermillion Parish.[4] Oracle alleges it contracted with EPI to provide consulting engineering services, on-site supervision, and other services in connection with the Well in order to rework the Well.[5] Oracle alleges that, in connection with the contracted work, EPI used rusty, scaly pipe and failed to properly inspect or clean the pipe before running it in the Well.[6] Oracle further alleges that EPI set retainers, bridge plugs, and/or pokers near joints in the casing, causing a split in the casing.[7] Oracle seeks damages as a result of EPI's actions.

---

[1] R. Doc. 31.
[2] R. Doc. 35.
[3] R. Doc. 26-2 at ¶ 1; R. Doc. 42-1 at ¶ 1.
[4] R. Doc. 1-7 at ¶ 2.
[5] *Id.* at ¶ 3.
[6] *Id.* at ¶ 5.
[7] *Id.* at ¶¶ 22-24.

1

EPI hired Lindsay Longman, a petroleum engineer, to provide an expert opinion regarding the Well and the actions of various parties with respect to the Well. Oracle moves to exclude Mr. Longman from testifying that the Well or other wells operated by Oracle are "orphaned." EPI argues this testimony is wholly irrelevant and more prejudicial than probative.[8]

## LEGAL STANDARD

Federal Rule of Evidence 401 provides, [e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Federal Rule of Evidence 403 provides, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

## LAW AND ANALYSIS

In his expert report, Mr. Longman discusses "orphaned wells." La. R.S. 30:91 defines an "orphaned well" as follows:

> A. A site may be declared to be an orphaned oilfield site by the assistant secretary upon a finding that:
> (1) No responsible party can be located, or such party has failed or is financially unable to undertake actions ordered by the assistant secretary; and
> (2) The oilfield site either:
> (a) Was not closed or maintained in accordance with all statutory requirements and the regulations adopted thereunder; or
> (b) Constitutes or may constitute a danger or potential danger to the public health, the environment, or an oil or gas strata.

Mr. Longman opines the Well is an orphaned well.[9] Mr. Longman also provides a list of all of other orphaned wells on which Oracle was the operator.[10] At deposition, Mr. Longman

---

[8] R. Doc. 31-1.
[9] R. Doc. 31-2 at 6.
[10] R. Doc. 31-2 at 7.

explained "the Well is basically under the authority of the state now and the state will have to go and plug and abandon the Well."[11] Mr. Longman explained further, "the state of Louisiana is going to take the onus of plugging the well, along with all these other wells mentioned in this report and throughout the state."[12]

Mr. Longman's testimony regarding the orphaned status of the Well is relevant to a determination of damages because the orphaned status may prevent Oracle from re-drilling the well. This testimony is not more prejudicial than probative. EPI will be permitted to introduce testimony regarding the orphaned status of the Well.

Mr. Longman's testimony regarding the orphaned status of other wells operated by Oracle is irrelevant and inadmissible. This testimony does not tend to make a fact in issue more or less probable. Additionally, any probative value this testimony possesses is outweighed by its prejudicial nature. EPI will not be permitted to introduce testimony regarding the orphaned status of other wells operated by Oracle.

## CONCLUSION

**IT IS ORDERED** that the Motion in Limine[13] filed by Plaintiff Oracle Oil, LLC is **GRANTED IN PART AND DENIED IN PART**. EPI will be permitted to introduce testimony regarding the orphaned status of the Well. EPI will not be permitted to introduce testimony regarding the orphaned status of other wells operated by Oracle.

**New Orleans, Louisiana on this 1st day of May, 2019.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[11] R. Doc. 31-3 at 5.
[12] R. Doc. 35-1 at 3.
[13] R. Doc. 29.