UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ORACLE OIL, LLC, | CIVIL ACTION |
| Plaintiff | |
| VERSUS | NO. 18-3674 |
| EPI CONSULTANTS, | SECTION: "E" |
| Defendant | |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment[1] filed by Defendant EPI Consultants ("EPI"). Plaintiff Oracle Oil, LLC ("Oracle") opposes the motion.[2] EPI filed a reply.[3] For the following reasons, the motion is **GRANTED**.

## BACKGROUND

Oracle, a company owned solely by Robert Brooks,[4] was the operator of the Lucille Broussard, et al. No. 1 well ("the well") located in Vermillion Parish.[5] Oracle alleges it contracted with EPI for EPI to provide consulting engineering services, on-site supervision, and other services in connection with the reworking of the well.[6] Oracle alleges that, in connection with the contracted work, EPI used rusty, scaly pipe and failed to properly inspect or clean the pipe before running it in the well.[7] Oracle further alleges that EPI set retainers, bridge plugs, and/or pokers near joints in the casing, causing a split in the casing.[8]

---

[1] R. Doc. 100.
[2] R. Doc. 91; R. Doc. 92.
[3] R. Doc. 101.
[4] R. Doc. 26-2 at ¶ 1; R. Doc. 42-1 at ¶ 1.
[5] R. Doc. 1-7 at ¶ 2.
[6] *Id.* at ¶ 3.
[7] *Id.* at ¶ 5.
[8] *Id.* at ¶¶ 22-24.

1

On May 24, 2019, EPI filed the instant motion for summary judgment.[9] EPI argues there is no evidence in the record to support an essential element of Oracle's claim for damages and, as a result, EPI is entitled to judgment as a matter of law.

## **LEGAL STANDARD**

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."[10] Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] "An issue is material if its resolution could affect the outcome of the action."[12] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[13] All reasonable inferences are drawn in favor of the nonmoving party.[14] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[15]

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[16] If the moving party fails to carry this burden, the motion must be denied. If the moving party

---

[9] R. Doc. 100.
[10] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).
[11] FED. R. CIV. P. 56; *see also Celotex Corp.*, 477 U.S. at 322–23.
[12] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[13] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[14] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[15] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[16] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).

successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[17]

If the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[18] When proceeding under the first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment as a matter of law.[19] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[20] If the nonmoving party fails draw the Court's attention to overlooked evidence,

---

[17] *Celotex*, 477 U.S. at 322–24.
[18] *Id.* at 331–32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex*, 477 U.S. at 322–24, and requiring the movants to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).
[19] *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).
[20] *Celotex*, 477 U.S. at 332–33.

there is no genuine issue as to any material fact, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."[21] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[22]

## **LAW AND ANALYSIS**

To determine whether EPI is entitled to summary judgment, the Court must determine the nature and basis of Oracle's claim against EPI and, based on that decision, identify the elements of the cause of action. Oracle alleges EPI's liability is based on EPI's: (1) defective performance in the discharge of its *contractual* duties; (2) negligence in the discharge of its *contractual* duties and breach of *contract*; and (3) breach of EPI's *contractual* duty to provide services in a good and workmanlike manner.[23]

It appears that, in the past, Oracle took the position in a Louisiana state court action that it asserts a breach of contract action against EPI.[24] By way of explanation, this action commenced in state court in 2009 and proceeded there until Oracle filed a Chapter 11 bankruptcy in this district in 2017.[25] The reference of this action to the bankruptcy court was withdrawn in 2018 due to Oracle's jury trial demand.[26] Before the bankruptcy, while this case was pending in state court, Oracle appealed the state trial court's finding that Oracle's claims had prescribed. According to the Louisiana First Circuit Court of

---

[21] *Celotex*, 477 U.S. at 323.
[22] *Id.*; *see also First National Bank of Arizona*, 391 U.S. at 289.
[23] *Id.* at ¶ 32.
[24] *Oracle Oil, LLC v. EPI Consultants, Div. of Cudd Pressure Control, Inc.*, 2011-0151 (La. App. 1 Cir. 9/14/11), 77 So. 3d 64, 68.
[25] R. Doc. 1; *see also In Re Oracle Oil*, case no. 17-12391 (Bankr. E.D. La.).
[26] R. Doc. 5 (withdrawing the reference).

Appeal opinion, Oracle asserted its claims are contractual or quasi-contractual and, as a result, have not prescribed.[27] The First Circuit found Oracle's claims have not prescribed, whether the claims were contractual or delictual.[28]

In connection with a motion for judgment on the pleadings based on prescription filed before this Court,[29] Oracle appears to have changed its position and now argues that it is bringing contractual *and* negligence causes of action against EPI.[30] This Court noted in its denial of the motion that a party damaged by conduct arising out of contract may have a right to seek damages in tort and for breach of contract. Nevertheless, the Court found Oracle's cause of action is for breach of contract as, "Oracle's Petition alleges it *contracted* with EPI and seeks damages as a result of defective performance, negligent discharge, and breach of EPI's *contractual* duties. Oracle alleges a breach of an obligation contractually assumed by EPI."[31] The Court now reaffirms its finding that Oracle's claim against EPI is for breach of contract.[32]

As the Plaintiff, Oracle bears the burden of proving each element of its breach of contract claim by a preponderance of the evidence.[33] Because Oracle has the burden of persuasion at trial, EPI may satisfy its burden on summary judgment by demonstrating there is no evidence in the record to establish an essential element of Oracle's claim. In

---

[27] *Oracle Oil, LLC*, 77 So. 3d at 68. The Louisiana First Circuit concluded Oracle did not have actual or constructive knowledge of the damage to the well until July of 2008 and, as a result, prescription did not begin to run until that date.
[28] *Id.*
[29] R. Doc. 25.
[30] R. Doc. 28.
[31] R. Doc. 68 (internal citations omitted).
[32] Even if Oracle brings a negligence cause of action, and assuming that cause of action has not prescribed, Oracle still must demonstrate it sustained damages. Damage is an essential element of both a claim for breach of contract and a claim for negligence. *Roberts v. Benoit*, 605 So. 2d 1032, 1051 (La. 1991), on reh'g (May 28, 1992). For the reasons explained herein, Oracle is unable to meet its burden on summary judgment to call the Court's attention to evidence in the record to support an essential element of its claim—that it sustained damages— regardless of whether that claim is for breach of contract or for negligence.
[33] *Sam's Style Shop v. Cosmos Broad. Corp.*, 694 F.2d 998, 1004 (5th Cir. 1982).

order to recover for breach of contract under Louisiana law at trial, Oracle must prove: (1) EPI undertook an obligation to perform; (2) EPI failed to perform the obligation (i.e. breach); and (3) the breach resulted in damages to Oracle.[34] EPI argues the essential element Oracle has no evidence to establish is whether the breach resulted in damages to Oracle.

Originally, Oracle sought direct and consequential damages from EPI as a result of the breach of contract, including (1) the costs and expenses incurred by Oracle, (2) the loss of reserves and revenue, and (3) and the cost of drilling a replacement well.[35] In its opposition to this motion for summary judgment, Oracle concedes it cannot recover costs associated with reworking the well (or drilling a replacement well) as it no longer has the leases necessary to enter the land and explore minerals.[36] The Court has determined Oracle is not entitled to damages for the loss of reserves and revenue.[37] Accordingly, the only remaining damages Oracle seeks related to the breach of contract are the costs and expenses incurred by Oracle related to the well. The Court must examine whether Oracle has called the Court's attention to evidence already in the record that was overlooked or ignored by the moving party showing Oracle has sustained damages in the form of the costs and expenses related to the well.

Pursuant to Louisiana Civil Code article 1995, damages in a breach of contract action, "are measured by the loss *sustained* by the obligee and the profit of which he has

---

[34] *See, e.g., Regions Bank v. C.H.W. Rest., LLC*, No. 17-8708, 2018 WL 3136003, at *6 (E.D. La. June 27, 2018); *Arthur J. Gallagher & Co. v. O'Neill*, No. 17-2825, 2017 WL 2574006, at *3 (E.D. La. June 14, 2017).
[35] R. Doc. 1-7.
[36] R. Doc. 91 at 5 n. 5.
[37] *See* R. Doc. 98 (precluding Oracle from offering expert testimony regarding the loss of reserves and revenue because such testimony does not reflect the correct damages model and is speculative).

been deprived."[38] In this case, Oracle argues it has sustained damages in the form of a loss. An obligee who seeks damages because it has sustained a loss as a result of a breach of contract must show actual damage, meaning "a loss or injury to the obligee's interest."[39] "Put another way: '[t]he measure of damages for a breach of contract is the sum that will place plaintiff in the same position as if the obligation had been fulfilled.'"[40]

EPI argues it is entitled to judgment as a matter of law because there is no evidence in the record to establish an essential element of Oracle's breach of contract claim, namely, that Oracle sustained damages. EPI argues that, because Oracle did not directly pay the expenses related to the well and is not obligated to repay the expenses related to the well paid by Delphi and Doerr, EPI is entitled to judgment as a matter of law. The parties do not dispute that Delphi Oil, Inc. ("Delphi") and Doerr Operating, LLC ("Doerr") paid the expenses related to the well.[41] Like Oracle, these companies are solely owned by Robert Brooks.[42] The parties also do not dispute that, at his re-deposition, Mr. Brooks did not produce or identify any document to show the payment of any amount by Oracle to an unrelated third party for goods or services provided to the well.[43] Oracle concedes it did not write checks to Delphi or Doerr, entities owned by Mr. Brooks, for expenses

---

[38] LA. CIV. CODE ART. 1995. The Court has determined Oracle is not entitled to damages for loss of profits in this action. *See* R. Doc. 98 (precluding Oracle from offering expert testimony regarding the loss of reserves and revenue because such testimony does not reflect the correct damages model and is speculative).
[39] 6 LOUISIANA CIVIL LAW TREATISE, LAW OF OBLIGATIONS § 3.5. Required circumstances (2d ed.).
[40] *LAD Servs. of La., L.L.C. v. Superior Derrick Servs., L.L.C.*, 2013-163 (La. App. 1 Cir. 11/7/14) 2014 WL 5794606 at *19-20 (quoting *Dixie Roofing Co. of Pineville, Inc. v. Allen Par. Sch. Bd.*, 95–1526 (La. App. 3 Cir. 5/8/96), 690 So.2d 49, 56); *Ducote v. City of Alexandria*, 706 So.2d 673, 675 (La. Ct. App. 1998).
[41] R. Doc. 100-2 at ¶ 3; R. Doc. 92 at ¶ 3.
[42] The parties do not include this as a statement of uncontested material fact. Nevertheless, it is clear the parties agree that Doerr and Delphi are solely owned by Mr. Brooks. *See* R. Doc. 100-1 at 9; R. Doc. 91 at 1. At deposition, Mr. Brooks confirmed he is the sole owner of Doerr and Delphi.
[43] R. Doc. 100-2 at ¶ 2; R. Doc. 92 at ¶ 2. The invoices produced merely demonstrate Delphi and Doerr received a bill for the expenses. The invoices do not demonstrate that Delphi and Doerr actually *paid* the invoices. Plaintiff did not provide any cancelled checks or other evidence, beyond the "paid" notation on some of the invoices, that Delphi and Doerr paid the expenses.

related to the well.[44] At his re-deposition, Mr. Brooks admitted (1) there is no document to show that Oracle paid any of the expenses related to the well, (2) there is no written contract between Oracle and Delphi or between Oracle and Doerr for the payment of expenses related to the well, and (3) there is no written document to show the Court that Oracle reimbursed Delphi or Doerr for the expenses of the well.[45]

To defeat EPI's motion for summary judgment, Oracle must call "the Court's attention to supporting evidence already in the record that was overlooked or ignored by [EPI]" to show that Oracle did sustain damages.[46] Oracle argues it has met this burden and calls the Court's attention to evidence that Delphi and Doerr paid the expenses on behalf of, and for the benefit of, Oracle pursuant to an oral contract between Oracle and them. Oracle points to Mr. Brooks' deposition testimony that Delphi and Doerr, Brooks' other solely owned entities, paid the expenses pursuant to "verbal contracts between me and myself."[47] Oracle also points to Mr. Brooks' affidavit, in which he swears: (1) he directed the solely owned entities to conduct business on behalf of and for the benefit of Oracle, (2) he directed Delphi and Doerr to pay debts associated with the well on behalf of and for the benefit of Oracle, and (3) he bound his companies via oral contracts to pay bills and conduct operations, all for the exclusive benefit of Oracle.[48] Notably, Mr. Brooks' affidavit does not state that Oracle actually has reimbursed Delphi and Doerr for the expenses Oracle alleges they paid from April 2008 until October 2014.[49] There is no

---

[44] R. Doc. 92 at ¶ 1.
[45] R. Doc. 100-3 at 13-15.
[46] *Celotex*, 477 U.S. at 332–33.
[47] R. Doc. 91-1 at 2.
[48] R. Doc. 91-4 at 1.
[49] *Id.*

8

evidence, other than Mr. Brooks' testimony, that there is an oral contract between Oracle and Delphi or between Oracle and Doerr.

Evidence of payment of expenses by an entity other than the plaintiff is not sufficient to prove the plaintiff sustained damages, absent a showing that the plaintiff is legally obligated to reimburse the other entity. For example, in *Koncinsky v. Smith*, cancelled checks on the account of George Koncinsky Realtor Builder were insufficient to prove George Koncinsky, Inc. suffered damages.[50] As a result, the court found the plaintiff, George Koncinsky, Inc., was unable to prove it had sustained damages. Similarly, in this case, the Brooks deposition testimony and affidavit state that Delphi and Doerr have paid the expenses, not Oracle. This evidence does not show Oracle sustained damages.

Oracle argues it has produced evidence to show it sustained damages because Mr. Brooks testified at deposition and swore in his affidavit that there is an oral agreement for Oracle to pay Delphi and Doerr the expenses they incurred.[51] The evidence from Mr. Brooks alone is not sufficient to show Oracle sustained a loss. Pursuant to Louisiana Civil Code article 1846, a contract in excess of $500 "must be proved by at least one witness and other corroborating circumstances."[52] The amount claimed by Oracle by virtue of its oral agreement with Delphi and Doerr is well in excess of $500.[53] A party to an action may serve as a witness to establish the existence of an oral contract in excess of $500, but the other corroborating circumstances must come from a source other than the party

---

[50] *Koncinsky v. Smith*, 390 So.2d 1377, 1382 (La. App. 3 Cir. 1980).
[51] R. Doc. 91-1 at 2; R. Doc. 91-4 at 1.
[52] LA. CIV. CODE art. 1846.
[53] R. Doc. 91-3.

claiming the agreement.[54] For example, in *Bourg v. Bourg*, a husband's uncontroverted testimony, alone, was insufficient to support the jury's determination that the husband made a $7,000 loan to his family corporation.[55] Similarly, in *United States v. Armstrong*, the court concluded a party failed to demonstrate the existence of a $22,000 loan by a preponderance of the evidence because there was no written note or documentary evidence of the loan, no evidence that the debtor made payments towards the satisfaction of the debt in seven years, and no other testimony or corroborating evidence demonstrating the existence of the loan.[56] In this case, in order to find the existence of an oral contract obligating Oracle to reimburse Delphi and Doerr for costs and expenses related to the well, there must be evidence to corroborate the testimony of Mr. Brooks that there is an oral contract. No such corroborating evidence has been pointed to by Oracle. Based solely on the Brooks affidavit and deposition testimony, no reasonable trier of fact could find sufficient evidence to prove the existence of an oral obligation for Oracle to reimburse Delphi and Doerr for costs and expenses related to the well.[57]

A court may grant summary judgment when the plaintiff fails to present corroborating evidence demonstrating the existence of a contract and when the existence of a contract is essential to an element of the plaintiff's claim.[58] For example, in *First Bank and Trust v. Treme*, the plaintiff attempted to demonstrate the existence of a contract with his own affidavit and the affidavit of a third person.[59] The affidavit of the third person

---

[54] *Double NRJ Trucking, Inc. v. Johnson*, 17-667 (La. App. 5 Cir. 5/16/18) 247 So.3d 1125, 1131; *Harris v. Olivier's Contractors*, 2014-765 (La. App. 3 Cir. 12/10/14), 155 So.3d 652, 659.
[55] *Bourg v. Bourg*, 1997-2067 (La. App. 1 Cir. 9/25/98), 720 So.2d 59, 61.
[56] *U.S. v. Armstrong*, 2007 WL 7335173 at *4 (E.D. La. June 1, 2007) (ruling on a forfeiture hearing).
[57] *Smith*, 298 F.3d at 440.
[58] *Suire v. Lafayette City-Par. Consol. Gov't*, 2004-1459 (La. 4/12/05), 907 So. 2d 37, 58 (upholding grant of summary judgment when Plaintiff failed to produce "other corroborating evidence," beyond his own deposition testimony, demonstrating the existence of the contract).
[59] *First Bank & Tr. v. Treme*, 13-168 (La. App. 5 Cir. 10/30/13), 129 So. 3d 605, 611-12.

relied only on information derived from the plaintiff and, as a result, did not constitute "other corroborating evidence." The court entered judgment in favor of the defendant, finding the plaintiff could not demonstrate the existence of the contract and, as a result could not support an essential element of his claim for breach of contract.[60]

In this case, the existence of an oral contract between Oracle and Delphi or between Oracle and Doerr is an essential element of Oracle's claim for damages. Oracle contends *it* suffered damages because Delphi and Doerr paid expenses *on behalf of* Oracle, pursuant to oral contracts between the entities. To support the existence of the agreement, Oracle submits only the self-serving testimony of its principal, Robert Brooks;[61] Oracle does not draw the Court's attention to any *corroborating* evidence demonstrating the existence of an agreement between Oracle and Delphi or between Oracle and Doerr.

Even considering the facts in the light most favorable to Oracle, there is no evidence that Oracle sustained a loss, as required by article 1995, because there is no evidence that Oracle paid any costs or expenses related to the well. Further, no reasonable jury could conclude an oral agreement exists which obligates Oracle to reimburse Delphi and Doerr for the expenses they incurred. Because Oracle incurred no damages, no sum is required to put Oracle in the same position it would have been if EPI had performed its obligation. As a result, Oracle cannot establish an essential element of its claim—that it sustained damages. Accordingly, a trial would be useless; there is no genuine issue as to any material fact, "since [Oracle's] complete failure of proof concerning an essential element of [its] case necessarily renders all other facts immaterial."[62] EPI is entitled to judgment as a matter of law.

---

[60] *Id.*
[61] *See* R. Doc. 91-1; R. Doc. 91-4.
[62] *Celotex*, 477 U.S. at 323.

## CONCLUSION

**IT IS ORDERED** that the Motion for Summary Judgment[63] filed by Defendant EPI Consultants is **GRANTED.**

**New Orleans, Louisiana on this 6th day of June, 2019.**

                                                          _____
                                                              **SUSIE MORGAN**
                                                    **UNITED STATES DISTRICT JUDGE**

---

[63] R. Doc. 100.