UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE: ORACLE OIL, LLC | CIVIL ACTION |
|---|---|
| | NO. 18-3674 |
| | SECTION: "E" (5) |

## ORDER AND REASONS

Before the Court is a Motion for Sanctions[1] filed by Defendant EPI Consultants ("EPI"). Plaintiff Oracle Oil, LLC ("Oracle") opposes the motion.[2] EPI filed a reply.[3] For the following reasons, the motion is **DENIED**.

## BACKGROUND

Oracle, a company owned solely by Robert Brooks,[4] was the operator of the Lucille Broussard, et al. No. 1 well ("the well") located in Vermillion Parish.[5] Mr. Brooks is also the sole owner of Delphi Oil, Inc. ("Delphi") and Doerr Operating, LLC ("Doerr").[6] Oracle alleges it contracted with EPI for EPI to provide consulting engineering services, on-site supervision, and other services in connection with the reworking of the well.[7] The parties do not dispute that Delphi and Doerr paid the expenses related to the well.[8] Oracle alleges that, in connection with the contracted work, EPI used rusty, scaly pipe and failed to properly inspect or clean the pipe before running it in the well.[9] Oracle further alleges that

---

[1] R. Doc. 112.
[2] R. Doc. 118.
[3] R. Doc. 123.
[4] R. Doc. 26-2 at ¶ 1; R. Doc. 42-1 at ¶ 1.
[5] R. Doc. 1-7 at ¶ 2.
[6] *See* R. Doc. 100-1 at 9; R. Doc. 91 at 1. At deposition, Mr. Brooks confirmed he is the sole owner of Doerr and Delphi.
[7] R. Doc. 1-7 at ¶ 3.
[8] R. Doc. 100-2 at ¶ 3; R. Doc. 92 at ¶ 3.
[9] R. Doc. 1-7 at ¶ 5.

1

EPI set retainers, bridge plugs, and/or pokers near joints in the casing, causing a split in the casing.[10]

At his re-deposition, Mr. Brooks admitted (1) there is no document to show that Oracle paid any of the expenses related to the well, (2) there is no written contract between Oracle and Delphi or between Oracle and Doerr for the payment of expenses related to the well, and (3) there is no written document to show the Court that Oracle reimbursed Delphi or Doerr for the expenses of the well.[11] However, Mr. Brooks also testified Delphi and Doerr, his other solely owned entities, paid the expenses pursuant to "verbal contracts between me and myself."[12] Similarly, Mr. Brooks swore in an affidavit: (1) he directed the solely owned entities to conduct business on behalf of and for the benefit of Oracle, (2) he directed Delphi and Doerr to pay debts associated with the well on behalf of and for the benefit of Oracle, and (3) he bound his companies via oral contracts to pay bills and conduct operations, all for the exclusive benefit of Oracle.[13]

After the re-deposition of Mr. Brooks, EPI filed a Motion *in Limine* and Renewed Motion to Strike, in which, among other things, EPI sought "to exclude Oracle's proposed 1006 summary of the 'invoices received by Oracle showing costs of drilling and attempting to recomplete the Well [and] 8 boxes and several CD Rom of raw data' which have yet to be produced, even though trial is in two weeks."[14] During a status conference held on May 21, 2019, counsel for Oracle informed the Court that Oracle wished to introduce at trial the "Broussard Monthly Expense" report as a summary exhibit under Federal Rule of

---

[10] *Id.* at ¶¶ 22-24.
[11] R. Doc. 100-3 at 13-15.
[12] R. Doc. 91-1 at 2.
[13] R. Doc. 91-4 at 1.
[14] R. Doc. 83 at 1.

Evidence 1006.[15] "Counsel for Plaintiff acknowledged the report was not provided to the Defendant until May 9, 2019 at the re-deposition of Robert Brooks."[16] The Court ordered counsel for Oracle to "provide the Court and Counsel for Defendant the specific documents supporting each entry and amount on the 'Broussard Monthly Expense' report."[17] The Court further ordered: "Counsel for Plaintiff also will provide the Court and Counsel for Defendant a revised "Broussard Monthly Expense" report, showing when the supporting documentation for each entry was produced to Plaintiff and in what form the information was produced."[18]

On May 24, 2019, EPI filed a motion for summary judgment, arguing there is no evidence in the record to support an essential element of Oracle's breach of contract claim, specifically, that Oracle sustained damages.[19] Oracle argued EPI is not entitled to summary judgment because Oracle produced some evidence—Mr. Brooks' deposition testimony and affidavit—to show Oracle did sustain damages.[20] On June 6, 2019, the Court granted EPI's motion for summary judgment,[21] and in doing so explained:

> Evidence of payment of expenses by an entity other than the plaintiff is not sufficient to prove the plaintiff sustained damages, absent a showing that the plaintiff is legally obligated to reimburse the other entity. . .
>
> . . . The evidence from Mr. Brooks alone is not sufficient to show Oracle sustained a loss. Pursuant to Louisiana Civil Code article 1846, a contract in excess of $500 'must be proved by at least one witness and other corroborating circumstances.' . . . A party to an action may serve as a witness to establish the existence of an oral contract in excess of $500, but the other corroborating circumstances must come from a source other than the party . . . In this case, in order to find the existence of an oral contract obligating Oracle to reimburse Delphi and Doerr for costs and expenses related to the well, there must be evidence to corroborate the testimony

---

[15] R. Doc. 93.
[16] *Id.* at 1.
[17] *Id.*
[18] *Id.* at 2.
[19] R. Doc. 100.
[20] R. Doc. 91.
[21] R. Doc. 104.

of Mr. Brooks that there is an oral contract. No such corroborating evidence has been pointed to by Oracle. Based solely on the Brooks affidavit and deposition testimony, no reasonable trier of fact could find sufficient evidence to prove the existence of an oral obligation for Oracle to reimburse Delphi and Doerr for costs and expenses related to the well.[22]

On June 24, 2019, Oracle filed a notice of appeal.[23] Specifically, Oracle appeals the Court's Order and Reasons granting EPI's Motion for Summary Judgment[24] and the accompanying Judgment entered in favor of EPI against Oracle,[25] as well as the Court's earlier evidentiary ruling[26] granting EPI's Motion *in Limine*[27] to exclude testimony from Plaintiff's expert, Robert McGowen.[28]

On July 9, 2019, EPI filed the instant motion for sanctions against Oracle pursuant to Federal Rule of Civil Procedure 11 and additionally or alternatively Federal Rule of Civil Procedure 37, "for bringing a claim based on factual contentions without evidentiary support" and "failing to produce evidentiary support despite repeated requests and orders, causing [EPI] to incur excessive and needless expense in defending this suit."[29] EPI specifically seeks an award of attorneys' fees and costs.[30] In its reply, EPI clarifies "the sanctions should be assessed against Oracle Oil, LLC for bringing claims not based in fact rather than its counsel."[31]

## JURISDICTION

Considering an appeal has been lodged in this matter, the Court must first address whether it has jurisdiction to hear the pending motion. The Court has an ongoing

---

[22] R. Doc. 104 at 9-10.
[23] R. Doc. 106.
[24] R. Doc. 104.
[25] R. Doc. 105.
[26] R. Doc. 98.
[27] R. Doc. 20.
[28] R. Doc. 106 at ¶ 3.
[29] R. Doc. 112-2 at 1.
[30] *Id.* at 8, 9-10.
[31] R. Doc. 123 at 3.

4

obligation to ensure that it possesses subject matter jurisdiction, and it may raise the issue of subject matter jurisdiction *sua sponte* at any time.[32] "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[33] However, "the district court is nonetheless free to adjudicate matters that are not involved in that appeal."[34] "[A]n issue before the district court is only an 'aspect[] of the case involved in the appeal' if the appeal and the claims before the district court address the same legal question."[35] For instance, in *Sandres v. Louisiana Div. of Admin.*, the Fifth Circuit held the district court had jurisdiction to rule on a party's motion to dismiss for failure to obey a discovery order pursuant to Rule 37. In that case, the district court ruled on the Rule 37 motion to dismiss while an appeal of the district court's unrelated discovery order was pending. The Fifth Circuit explained:

> The issue before the district court was not an aspect of the case involved in the appeal before this court. [Appellant's] appeal concerned whether the district court erred in affirming the magistrate judge's orders denying her extended discovery. That question is unrelated to whether a litigant's persistent refusal to submit to a deposition merits a dismissal of her claim. Resolving [Appellee's] motion did not cause the district court to resolve the same question that was before this court. Thus, the district court had jurisdiction over [Appellee's] motion to dismiss.[36]

This case is like *Sandres*. Oracle has appealed the Court's order granting EPI's motion for summary judgment and the Court's unrelated order granting EPI's motion *in limine* to exclude testimony from Plaintiff's expert, Robert McGowen.[37] Oracle's appeal

---

[32] Fed. R. Civ. P. 12(h)(3); *MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).
[33] *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (citing *United States v. Hitchmon*, 587 F.2d 1357 (5th Cir. 1979)).
[34] *Weingarten Realty Investors v. Miller*, 661 F.3d 904, 908 (5th Cir. 2011) (citing *Alice L. v. Dusek*, 492 F.3d 563 (5th Cir. 2007)).
[35] *Sandres v. Louisiana Div. of Admin.*, 551 F. App'x 95, 98 (5th Cir. 2013) (quoting *Weingarten Realty Investors*, 661 F.3d at 909 (internal quotation marks omitted)).
[36] *Id.*
[37] R. Doc. 106 at ¶ 3.

thus concerns whether this Court erred in granting EPI's motion for summary judgment and motion *in limine*. Those questions are unrelated to EPI's motion for sanctions. Because resolving EPI's motion for sanctions does not cause this Court to resolve the same questions before the Fifth circuit, this Court has jurisdiction over EPI's motion.

## LAW AND ANALYSIS

### I. Rule 11 Sanctions

EPI argues under Rule 11, "it is appropriate to award attorney's fees and costs to sanction Oracle Oil for bringing claims not based in fact."[38] EPI argues Oracle offered only the following evidence to support its factual allegations: "unsupported Rule 1006 executive summary and only [Mr. Brooks'] conclusory statements in support of his case."[39] Oracle responds that Rule 11 sanctions are not warranted because: "each allegation and factual contention in the document has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for discovery."[40] Specifically, Oracle argues: "[m]ultiple depositions taken in this matter, affidavits and copies of invoices were provided to the court in order to support Oracle's causes of action against Defendant EPI."[41]

Rule 11 provides in pertinent part:

(b) By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> . . .

---

[38] R. Doc. 112-2 at 8.
[39] *Id.* at 7.
[40] R. Doc. 118 at 5 (citations omitted).
[41] *Id.* at 6-7.

6

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.[42]

. . .

(c)(1) If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation . . .[43]

District courts have wide latitude to impose sanctions under Rule 11, as district court rulings under Rule 11 are reviewed for abuse of discretion.[44] The Fifth Circuit has explained: "Rule 11 has as its primary focal point the certification made by an attorney that he has complied with the affirmative duties imposed by the rule at the moment he affixes his signature to a pleading, motion, or other paper in a lawsuit."[45] Accordingly, Rule 11(b) "evaluates an attorney's conduct at the time a 'pleading, motion, or other paper' is signed."[46] "The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted."[47]

In its reply, EPI specifies it is requesting "the sanctions should be assessed against Oracle Oil, LLC for bringing claims not based in fact rather than its counsel."[48] The Fifth

---

[42] Fed. R. Civ. P. 11(b)(3). Although EPI additionally cites Rule 11(b)(4) in its discussion of sanctions under Rule 11(b), EPI's argument for sanctions under Rule 11(b) appear to be confined to Rule 11(b)(3). EPI argues Oracle lack evidentiary support for its allegations, and cites cases in which sanctions were awarded under Rule 11(b)(3).
[43] Fed. R. Civ. P. 11(c).
[44] *See, e.g., Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802 (5th Cir. 2003) (citing *Lulirama Ltd., Inc. v. Axcess Broad. Servs., Inc.*, 128 F.3d 872, 884 (5th Cir. 1997)).
[45] *Thomas v. Capital Sec. Services, Inc.*, 836 F.2d 866, 874 (5th Cir. 1988).
[46] *Id.*
[47] Advisory Committee Notes to Fed. R. Civ. P. 11.
[48] R. Doc. 123 at 2.

Circuit has explained under Rule 11(c),[49] sanctions may be assessed "against a client as well as his attorney, because both have a duty 'to conduct a reasonable inquiry into the facts or law before filing the lawsuit.'"[50] However, clients may be only sanctioned for violating Rule 11(b)(3) by making "*factually groundless* allegations in their [c]omplaint."[51] For instance, in *Skidmore Energy Inc. v. KPMG*, the Fifth Circuit upheld a district court's award of Rule 11(b)(3) sanctions against a client when the district court found "the bulk of [p]laintiffs' causes of action are without evidentiary support and thus appear to have been instigated as a gamble that something might come of it rather than on the basis of the facts at hand."[52] The Fifth Circuit explained the district court did not abuse its discretion in awarding sanctions against the client himself because the client "was entirely unable to articulate a factual nexus between any of the Defendants and [wrongful activity the plaintiff alleged]."[53]

This case is distinguishable from *Skidmore*, in which the Fifth Circuit upheld the district court's award of sanctions against plaintiffs for "fail[ing] to articulate any evidentiary support for their claims."[54] In this case, Oracle articulated evidentiary support for its claims for damages. Specifically, Oracle pointed to Mr. Brooks' affidavit and deposition testimony as support for Oracle's allegations that: (1) he directed the solely owned entities to conduct business on behalf of and for the benefit of Oracle, (2) he directed Delphi and Doerr to pay debts associated with the well on behalf of and for the

---

[49] Pursuant to Rule 11(c), if a court determines Rule 11(b) has been violated, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c).
[50] *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 567 (5th Cir. 2006), *cert. denied*, *Skidmore Energy, Inc. v. Maghreb Petroleum Exploration, S.A.,* 549 U.S. 996 (Oct. 30, 2006) (quoting *Jennings v. Joshua Indep. Sch. Dist.*, 948 F.2d 194, 197 (5th Cir. 1991)).
[51] *Id.* (emphasis in original).
[52] *Id.* (internal quotation marks, brackets, and ellipses omitted).
[53] *Id.* at 568 (internal quotation marks omitted).
[54] *Id.* at 567.

8

benefit of Oracle, and (3) he bound his companies via oral contracts to pay bills and conduct operations, all for the exclusive benefit of Oracle.[55] The Court found this evidence *legally* insufficient to support an element of Oracle's claim for damages. As the Court explained in granting EPI's motion for summary judgment, "[p]ursuant to Louisiana Civil Code article 1846, a contract in excess of $500 'must be proved by at least one witness and other corroborating circumstances,'" and therefore "[t]he evidence from Mr. Brooks alone is not sufficient to show Oracle sustained a loss."[56] However, the legal insufficiency of this evidence does not mean Oracle made factually groundless allegations in its complaint.

EPI argues several cases in particular support its argument that Oracle violated Rule 11. First, EPI argues, its position is supported by the First Circuit case *Mendez-Aponte v. Bonilla*, in which the plaintiffs' "opposition to summary judgment and the statement of contested material facts consisted, in large part, of speculation and conclusory allegations for which the only evidentiary support was . . . the plaintiff's sworn affidavit, which itself contains conclusory allegations."[57] EPI argues this case is like *Mendez-Aponte* because "at the final hour before trial, after ten years of litigation, Plaintiff attempted to offer an unsupported Rule 1006 executive summary and only his conclusory statements in support of his case because there was no evidence to support his position."[58] Second, EPI argues, like the plaintiff in the Fifth Circuit case *Elliott v. The M/V Lois B*, Plaintiff filed a petition based on facts it knew to be untrue. "Here, Oracle Oil's principal, Robert Brooks, being also the principal of the various other entities who

---

[55] R. Doc. 91.
[56] R. Doc. 104 at 9.
[57] R. Doc. 112-2 at 7 (citing *Mendez-Aponte v. Bonilla*, 645 F.3d 60, 68 (1st Cir. 2011)).
[58] *Id.*

9

issued invoices related to the subject well knew[,] that Oracle Oil did not pay any expenses and therefore did not sustain any damages related to the well."[59]

The cases cited by EPI do not support an award of sanctions against Oracle. First, *Mendez-Aponte*[60] is a First Circuit opinion and accordingly is not binding in this Circuit. Moreover, *Mendez-Aponte* concerns sanctions awarded against a plaintiff's attorneys, not the plaintiff himself. Accordingly, *Mondez-Aponte* is not directly on point. Second, although *Elliott*[61] concerns sanctions awarded against a plaintiff and her attorney, the sanctions were awarded against the plaintiff because her complaint "border[ed] on perjury" and "[t]he record belies [the plaintiff's] efforts to avoid responsibility for the complaint that [her attorney] filed in her behalf."[62] Specifically, the plaintiff "falsely pleaded" she "owned the vessel in question," the "district court found that [the plaintiff] knew this to be untrue," and "[m]oreover, [the plaintiff] maintained this position at trial" where she testified "that the vessel 'was my boat,' that she 'authorized [her attorney] to take care of protecting my interest in the tugboat,' and that she reviewed the complaint after it was filed."[63] In this case, it has not been established the affidavit and deposition testimony of Mr. Brooks, the sole owner of Oracle, that Oracle was bound to reimburse Delphi and Doerr for the expenses they incurred and therefore Oracle was in turn entitled to damages, is false. Instead, the Court's order granting EPI's motion for summary judgment was based on the legal sufficiency of the evidence based on the absence of corroborating circumstances.

Accordingly, EPI is not awarded sanctions against Oracle under Rule 11.

---

[59] *Id.* at 8 (citing *Elliott v. The M/V Lois B*, 980 F.2d 1001, 1007 (5th Cir. 1993)).
[60] 645 F.3d 60.
[61] 980 F.2d 1001.
[62] *Id.* at 1007.
[63] *Id.*

## II. Rule 37 Sanctions

In addition to, or in the alternative to Rule 11 sanctions, EPI seeks an award of sanctions against Oracle in the form of attorneys' fees and costs under Rule 37 for "its failure to comply with this Court's orders directing it to produce specific evidence of the damages alleged by Oracle Oil."[64] EPI does not specify the subdivision of Rule 37 under which it seeks an award of sanctions; instead, EPI argues Oracle Oil "has breached its obligations both as set forth in Rule 26 and in this Court's orders to produce evidence to support its claims for damages in a manner that at a bare minimum constitutes gross negligence considering the length and expense of this litigation."[65] EPI thus appears to seek sanctions under Rule 37(b)(2), which allows for sanctions for failure to comply with a court's discovery order, and Rule 37(c)(1), which allows for sanctions for failure to comply with Rule 26(a) or (e). Accordingly, the Court analyzes whether EPI is entitled to an award of sanctions under Rule 37(b)(2) or (c)(1).

### A. Rule 37(b)(2)

Rule 37(b)(2) provides a court may sanction a party who fails to comply with a court order to provide or permit discovery, and requires:

> [T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.[66]

The moving party first has to show that an order to provide or permit discovery was not complied with. Subdivision (b)(2) then "places the burden on the disobedient party to avoid expenses by showing that his failure is justified or that special

---

[64] R. Doc. 112-2 at 8.
[65] *Id.* at 12.
[66] Fed. R. Civ. P. 37(b)(2)(C).

11

circumstances make an award of expenses unjust."[67] "The primary purpose of sanctions is to deter frivolous litigation and abusive tactics."[68] Accordingly, a district court "has broad discretion under Rule 37(b) to fashion remedies suited to the misconduct."[69] With respect to the appropriate sanctions, "[t]he plain language of Rule 37 . . . provides that only those expenses, including fees, caused by the failure to comply may be assessed against the noncomplying party."[70]

To identify an order to provide or permit discovery that was not complied with, EPI points to its various discovery requests attached as Exhibit B.[71] However, the record reflects no motion to compel or orders compelling responses to those discovery requests. EPI also points to the Court's April 10, 2019 order requiring "Mr. Brooks to be made available for deposition at the earliest possible date."[72] To the Court's knowledge, Oracle complied with this order.

Finally, EPI points to the Court's May 21, 2019 order regarding Oracle's request to introduce at trial the Broussard Monthly Expense report as a summary exhibit under Federal Rule of Evidence 1006.[73] At a status conference held on May 21, 2019, counsel for Oracle "informed the Court that it wishes to introduce the [report] as a summary exhibit under Federal Rule of Evidence 1006."[74] Rule 1006 allows a proponent to use a summary to "prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court."[75] Rule 1006 requires, in relevant part:

---

[67] Advisory Committee Notes to Fed. R. Civ. P. 37.
[68] *Topalian v. Ehrman,* 84 F.3d 433 (5th Cir. 1996).
[69] *Smith & Fuller, PA. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012).
[70] *Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 516 (5th Cir. 1985).
[71] R. Doc. 112-4.
[72] R. Doc. 66.
[73] R. Doc. 93.
[74] R. Doc. 93.
[75] Fed. R. Evid. 1006.

> The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.[76]

During the status conference held on May 21, 2019, the Court ordered:

> Counsel for Plaintiff will provide the Court and Counsel for Defendant the specific documents supporting each entry and amount on the 'Broussard Monthly Expense' report . . . The supporting documents must be provided in the same order as the entries in the report. Counsel for Plaintiff also will provide the Court and Counsel for Defendant a revised 'Broussard Monthly Expense' report, showing when the supporting documentation for each entry was produced to Plaintiff and in what form the information was produced.[77]

The May 21, 2019 order, entered in connection with the Court's consideration of whether Oracle would be allowed to introduce into evidence a summary exhibit under Federal Rule of Evidence 1006, required Oracle to provide the backup necessary documents and to document when these documents had been produced so the Court could determine an evidentiary issue. The May 21, 2019 order was not an order to permit or provide discovery. Accordingly, EPI is not entitled to an award of sanctions against Oracle under Rule 37(b)(2).

### B.  Rule 37(c)(1)

Federal Rule of Civil Procedure 26(a) requires parties to make certain disclosures, including: (1) initial disclosures, (2) disclosure of expert testimony, and (3) pretrial disclosures.[78] Rule 26(e) further requires, in pertinent part, "[a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission" to "supplement or correct its disclosure or

---

[76] *Id.*
[77] R. Doc. 93.
[78] Fed. R. Civ. P. 26(a).

13

response" (a) "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect" or (b) "as ordered by the court."[79]

A failure to comply with the disclosure requirements of Rule 26 may result in sanctions under Rule 37(c), which provides:

> (1) If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
>> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure[.][80]

A district court's order of sanctions under Rule 37(c)(1) will be upheld absent an abuse of discretion.[81] In determining whether a party's failure to sufficiently respond is harmless or substantially justified, a court generally considers: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose."[82] With respect to the payment of expenses a court may award, "[t]he plain language of Rule 37 . . . provides that only those expenses, including fees, caused by the failure to comply may be assessed against the noncomplying party. Furthermore, the expenses must be reasonable."[83] The Fifth Circuit has held: "[s]anctions under Rule 37 serve the dual function of reimbursing the moving party and deterring the violator of the discovery orders (as well as other potential violators)."[84]

---

[79] Fed. R. Civ. P. 26(e)(1).
[80] Fed. R. Civ. P. 37(c)(1).
[81] *See, e.g., In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 372 (5th Cir. 2016).
[82] *Texas A & M Research Foundation v. Magna Transp. Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).
[83] *Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 516 (5th Cir. 1985).
[84] *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1114 (5th Cir. 1986) (citations omitted); *see also Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012) ("[A] primary purpose of Rule 37 sanctions is to deter future abuse of discovery." (quoting *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1542 (11th Cir. 1985))); *Chapman & Cole v. Itel Container Intern. B.V.*, 865

EPI argues Oracle breached its obligations "as set forth in Rule 26 and in this Court's orders to produce evidence to support its claims for damages in a manner that at a bare minimum constitutes gross negligence considering the length and expense of this litigation."[85] Oracle argues it "properly submitted evidence to support its claims that it sustained the costs and expenses related to the well during and after EPI's time on the project, the loss of reserves and revenue as a result of EPI's actions or inactions, and the cost of drilling replacement well" as "evidenced by its responses to discovery promulgated in this matter."[86]

Although EPI references Oracle's disclosure obligations under Rule 26, EPI does not point to a specific discovery response Oracle failed to provide or supplement. EPI appears to argue the Court's May 21, 2019 is tantamount to an order to "supplement or correct its disclosure response" pursuant to Rule 26(e)(1)(B). However, as discussed above, the Court's May 21, 2019 order was not a discovery order but rather was related to whether a Rule 1006 summary exhibit was admissible. Moreover, EPI does not appear to argue Oracle failed to make the production ordered by the Court on May 21, 2019. Instead, EPI appears to argue for sanctions on the basis that the evidence produced was legally insufficient to support Oracle's claims for damages.[87] However, sanctions under Rule 37 are meant to deter individuals who violate their discovery obligations,[88] not individuals

---

F.2d 676, 687 (5th Cir. 1989) (observing under Rule 11, a party "can only be held responsible for the reasonable expenses caused by their failure to comply with discovery." (citing *Batson*, 765 F.2d 511)).
[85] R. Doc. 112-2 at 9.
[86] R. Doc. 118 at 6.
[87] *See* R. Doc. 112-2 at 9 ("Oracle Oil failed to comply with the Court's order, producing again a voluminous collection of invoices from various entities, none of which showed *Oracle's* payment of expenses for the well in question." (emphasis in original)).
[88] *See supra* fn. 84 and accompanying text.

whose evidence merely lacks legal strength. In the Court's discretion the Court finds EPI is not entitled to an award of sanctions against Oracle under Rule 37(c)(1).

## CONCLUSION

**IT IS ORDERED** that the Motion for Sanctions[89] filed by Defendant EPI is **DENIED.**

**New Orleans, Louisiana on this 5th day of September, 2019.**

*Susie Morgan*
_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[89] R. Doc. 112.